## BOOS v. HINKLE.

[No. 2,316.    Filed November 24, 1897.]

FRAUDS, STATUTE OF.—*Agreement to Cause Another to Convey Real Estate.*—A parol agreement as a part consideration for the sale and transfer of a note secured by a real estate mortgage, that the mortgagee would cause the mortgagor to convey the mortgaged real estate to the purchaser of the note, is not within the statute of frauds.

From the Huntington Circuit Court.    *Affirmed.*

*B. M. Cobb,* for appellant.

*T. G. Smith* and *W. S. Smith,* for appellee.

HENLEY, J.—The facts in the case are these: Appellant owned and held the promissory note of one Charles W. Fosnaugh for $275.00.    This note was secured by a mortgage upon an undivided interest in certain real estate.    The said Charles W. Fosnaugh was wholly and totally insolvent, and the real estate upon which said mortgage was given to secure the payment of the said note was not of sufficient value to secure the same.    That appellee desired to acquire the interest of said Fosnaugh in the real estate mortgaged by said Fosnaugh to appellant, and appellee agreed with said appellant, the holder and owner of said note, that if he (appellant) would indorse said note to appellee without recourse, and pay appellee the sum of twenty-five dollars, and cause the said Fosnaugh to convey to appellee the interest in the real estate, covered by said mortgage securing the note, without any cost or expense to appellee, he (appellee) would deliver to said appellant a certain gray horse in full satisfaction of the foregoing agreement.    Appellee delivered the horse as agreed, and appellant indorsed the note to appellee as agreed, but appellant failed altogether

to perform that part of his said contract and agreement wherein he agreed with appellee to cause said Fosnaugh to convey said mortgaged real estate to appellee without any cost or expense to him. That on account of the failure to comply with the terms of said agreement, appellee was compelled to and did bring an action upon said note and to foreclose said mortgage in order to obtain title to said real estate, and was compelled to pay out money for costs, expenses, and attorneys' fees in the prosecution of said action to final judgment and judicial sale. It is upon the above stated facts that appellee's complaint in the cause is founded. The lower court overruled a demurrer to the complaint; an answer was filed in two paragraphs; the first a general denial; the second paragraph of answer averred that the breach of the contract alleged in the complaint was one for the conveyance of real estate in this, that appellant had entered into a contract with appellee that he (appellant) would procure one Fosnaugh to convey to appellee a certain tract of land, and that said contract was void because the agreement upon which the action is brought was not in writing, neither was there any note or memorandum thereof in writing and signed by the party to be charged therewith, or by any other person thereunto by him lawfully authorized.

There was a demurrer filed and sustained to the second paragraph of answer. Trial by the court and judgment in favor of appellee for $68.00.

The question, and the only one argued by appellant's counsel, is: Does the agreement set up in appellee's complaint fall within the statute of frauds? If it does it is not enforceable, and the demurrer ought to have been sustained to the complaint; if it does not, the judgment of the lower court was correct, and the cause ought to be affirmed. Now, according to the

Boos *v.* Hinkle.

allegations of the complaint, appellant violated that part of the agreement by which he agreed to cause Fosnaugh to convey to appellee the real estate mortgaged, without cost or expense to appellee.

The contract, not having been averred to be in writing, in the complaint, will be presumed to have been in parol.

The Statute of Frauds and Perjuries, section 6629, Burns' R. S. 1894 (4904, Horner's R. S. 1896), is as follows: "No action shall be brought in any of the following cases: * * * *Second.* To charge any person, upon any special promise, to answer for the debt, default, or miscarriage of another. * * * * *Fourth.* Upon any contract for the sale of lands. *Fifth.* * * * Unless the promise, contract, or agreement, upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized; excepting, however, leases not exceeding the term of three years."

Fosnaugh was not a party to the agreement between appellant and appellee, he owed no duty that was in any way enlarged by the terms of the agreement sued on herein. Appellant did not agree to pay the debt of Fosnaugh, and as this debt was the only thing in which Fosnaugh could be in default to appellee, it necessarily follows that appellant's agreement was not to answer for the debt or default of Fosnaugh. Following the contract still further, it was not a contract for the sale of lands. Appellant's agreement was to cause another person, not a party to the contract, to convey certain lands. For this service he was to have certain compensation, which he has received. Appellant wholly failed to cause the conveyance to be made by Fosnaugh to appellee, and by reason of

the breach of the contract on the part of appellant, the lower court assessed appellee's damage at $68.00. We find no error in the cause.

Judgment affirmed.